UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JOHN DOE MC-12**, <br><br> Plaintiff, <br><br> vs. <br><br> **THE UNIVERSITY OF MICHIGAN et al.**, <br><br> Defendants. | 2:20-CV-10595-TGB <br><br> **ORDER DECLINING EXERCISE OF SUPPLEMENTAL JURISDICTION OVER STATE CLAIMS PURSUANT TO 28 U.S.C. § 1367(C) AND DISMISSING WITHOUT PREJUDICE CLAIMS V-XVIII** |

Plaintiff has filed an 18-Count 65-page, 312-paragraph Complaint. Counts I through IV allege violations of:

Count I: Title IX, 20 U.S.C. § 1681(A), *et seq.* (3 pages)

Count II: Civil Rights Under 42 U.S.C. § 1983 – State Created Danger (2 pages)

Count III: Civil Rights Under 42 U.S.C. § 1983 – Right to Bodily Integrity (3 pages)

Count IV: Failure to Train and Supervise Under 42 U.S.C. § 1983 (2 pages)

In total, this comprises 10 pages.

1

The Complaint alleges 14 state law counts comprising 18 pages and 118 paragraphs.

The state law claims allege violations as follows:

| | |
|---|---|
| Count V: | Elliot-Larsen Act, M.C.L. § 37.2201 *et seq.* (Sex Discrimination) |
| Count VI: | Article I, § 17 Substantive Due Process – Bodily Integrity |
| Count VII: | Article 1, § 17 Substantive Due Process – State Created Danger |
| Count VIII: | Gross Negligence |
| Count IX: | Negligence |
| Count X: | Vicarious Liability |
| Count XI: | Express/Implied Agency |
| Count XII: | Negligent Supervision |
| Count XIII: | Negligent Failure to Warn or Protect |
| Count XIV: | Negligent Failure to Train or Educate |
| Count XV: | Negligent Retention |
| Count XVI: | Intentional Infliction of Emotional Distress |
| Count XVII: | Negligent Infliction of Emotional Distress |
| Count XVIII: | Fraud and Misrepresentation |

Title 28 U.S.C. § 1367 authorizes federal courts to exercise supplemental jurisdiction, or not. A court has the discretion to decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of state law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726-27 (1966) (explaining that supplemental jurisdiction may be denied if "it appears that the state issues subsequently predominate," or "if the likelihood of jury confusion" would be strong without separation of the claims).

Under 28 U.S.C. § 1367(c)(2), where "the state law issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Gibbs*, 383 U.S. at 726-27; *see also Brown v. Scaglione*, No. 20-10192, 2020 WL 674291, at *2 (E.D. Mich. Feb. 11, 2020) (declining to exercise supplemental jurisdiction over state claims because those claims "raise problems, including the need to introduce evidence inapplicable to

the evidence relevant to the federal claims, the presence of disparate legal theories on both claims and defenses, and the need to create expanded and contradictory jury instructions").

In addition, under 1367(c)(4), exceptional circumstances are present because of the likelihood of jury confusion and judicial inefficiency: any advantages to be gained by trying all the claims together here are outweighed by the potential for confusion about the issues, legal theories, defenses, and possible relief. The state law claims in this action would predominate over Plaintiff's federal claims.

As District Judge Paul Gadola set forth in *Frankel v. Detroit Medical Center*, 409 F.Supp.2d 833 (E.D. Mich. 2005):

> In exercising its discretion, therefore, this Court must look to considerations of judicial economy, convenience, fairness, and comity, and also avoid needless decisions of state law.
>
> ***
>
> Federal and state law each have a different focus, and the two bodies of law have evolved at different times and in different legislative and judicial systems. Because of this, in almost every case with supplemental state claims, the courts and counsel are unduly preoccupied with substantive and procedural problems in reconciling the two bodies of law and providing a fair and meaningful proceeding.
>
> The attempt to reconcile these two distinct bodies of law often dominates and prolongs pre-trial practice, complicates the trial, lengthens the jury instructions, confuses the jury, results in inconsistent verdicts, and causes post-trial

4

problems with respect to judgment interest and attorney fees. Consequently, in many cases, the apparent judicial economy and convenience of the parties' interest in the entertainment of supplemental state claims may be offset by the problems they create.

Such is the case here.

*Id.* at 835. So too, in the instant case.

Pursuant to 28 U.S.C. §§ 1367(c)(2) and (4), the Court declines to exercise supplemental jurisdiction over Plaintiff's state claims, and claims V-XVIII are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

DATED: April 1, 2020.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

5